**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: Thomas Edward Brown<br>xxx-xx-3237<br>Juanita Eberhardt Brown<br>xxx-xx-4718<br>6248 North 15th Street<br>Philadelphia, PA 19141<br><br>DEBTORS | : **CASE NO. 09-19333SR**<br>: **CHAPTER 13**<br>: **HEARING DATE: 4/14/2010**<br>: **TIME: 10:00 A.M.**<br>: **LOCATION: COURT ROOM No. 4**<br>: **United States Bankruptcy Ct.**<br>: **900 Market St., 2nd Floor**<br>: **Philadelphia, PA 19107** |

**ANSWER OF DEBTORS TO
TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTIONS**

And now come the Debtors, Thomas Edward Brown and Juanita Eberhardt Brown, by and through their attorney, Michael W. Gallagher, Esquire, and in Answer to the Objection of the Chapter 13 Trustee to the Debtors' Claim of Exemptions, do say and aver as follows:

1. Admitted.

2. Admitted in part, denied in part. It is admitted that the listed holder of title is Debtor Juanita Eberhardt Brown alone. The allegations that she is the sole owner or that the exemption claimed exceeds the amount allowed are denied as conclusions of law, to which no further response is required.

3. Denied as a conclusion of law, to which no further response is required.

**NEW MATTER - AFFIRMATIVE DEFENSES**

4. The averments of paragraphs 1 through 3 of this Answer are realleged herein as if restated at length

5. The Debtors are husband and wife.

6. While Debtor Juanita Eberhardt Brown owned the real estate in question prior to the marriage of the parties, since the marriage both parties have contributed to the payment of the mortgage on the premises, the upkeep thereon, etc.

7. Pursuant to Pennsylvania law, the property is therefore "marital", with both parties having an interest therein. <u>Bethea v. Pennsylvania Financial Responsibility Assigned Claims Plan et al</u>, 525 A. 2d. 112; 407 Pa. Super 57 (Pa. Super. 1991); <u>Alberts v. Pennsylvania Financial Responsibility Assigned Claims Plan</u>, 16 Pa. D. & C. 4th 243 (Phila., 1992).

8. Based upon this, it is proper for the non-title holding spouse to claim a present interest in the property, and thus claim the marital exemption.

9. In the alternative, it would be proper for the non-title holding spouse to claim an incohate interest in the realty, and claim the fill exemption available to him under 11 U.S.C. §522)d)(5).

WHEREFORE, Debtors pray your Honorable Court DENY the Standing Chapter 13 Trustee's Objection to the claimed exemptions

                                              Respectfully submitted,

                                              <u>/s/Michael W. Gallagher</u>
                                              Michael W. Gallagher, Esquire
                                              628 Germantown Pike
                                              Lafayette Hill, PA 19444
                                              (610)940-4730
                                              (610)940-6025 Fax
                                              Attorney for Debtors